# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Quintin M. Littlejohn, ) | |
| ) | |
| ) | C. A. No. 7:10-cv-1961-JMC |
| Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| ) | |
| Kathy L. Byers, Peggy L. Whittenburg, ) | |
| Alfred R. Littlejohn, ) | |
| The Whole Buckson Family, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is now before the court upon the Magistrate Judge's Report and Recommendation [Doc. # 9], filed on July 30, 2010, recommending Plaintiff Quintin M. Littlejohn's Complaint [Doc.# 1] be summarily dismissed without prejudice and without service of process. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation without a recitation.

### STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

## DISCUSSION

Plaintiff, a *pro se* litigant, alleges that Defendants colluded with Lee Roy Martin, whom he identifies as "The Gaffney Strangler" [Doc. # 1], in 1968 to murder four people. Plaintiff appears to be seeking a reopening of the criminal investigation relating to the murders Lee Roy Martin allegedly committed.

Plaintiff timely filed objections to the Magistrate Judge's Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Plaintiff's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.

Therefore, after a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

It is therefore **ORDERED** that Plaintiff's Complaint [Doc. # 1] is **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

                                                s/ J. Michelle Childs
                                                United States District Judge

January 4, 2011
Greenville, South Carolina